Filed 5/22/23 P. v. Newell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096715 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE09383) |
| v. | |
| KRISTINA WILHEMINA NEWELL, | |
| Defendant and Appellant. | |

Defendant Kristina Wilhemina Newell was granted probation after a jury found her guilty of assault. On appeal, she challenges a probation condition that she "not associate with persons he or she knows to be illegal users or sellers of marijuana, *dangerous drugs*, or narcotics, nor be in places where he or she knows illegal narcotics and/or *dangerous drugs* are present." We will modify the condition and otherwise affirm.

1

## BACKGROUND

In an altercation that began when debris fell over a property line, defendant joined her accomplices in punching and kicking one of the employees of a landscaping company working on an adjacent property. The landscaper sustained significant injuries.

Defendant was found guilty by the jury of assault by force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).)

A probation report was prepared for sentencing. It recommended probation along with numerous proposed probation conditions, including that: "Defendant not associate with persons he or she knows to be illegal users or sellers of marijuana, *dangerous drugs*, or narcotics, nor be in places where he or she knows illegal narcotics and/or *dangerous drugs* are present."

At sentencing, the trial court granted probation and ordered defendant to serve 180 days in jail. Defense counsel answered yes when the court commented that it was including probation conditions that "have to do with being around drugs, drug users, and so forth," because "in looking at the probation report, she was having issues with substance abuse problems before even though she said she was cleaning her act up." Defendant then answered in the affirmative when the court asked her if she accepted the terms and conditions of probation.

## DISCUSSION

On appeal, defendant challenges as unconstitutionally vague and overbroad the condition requiring that she "not associate with persons he or she knows to be illegal users or sellers of marijuana, *dangerous drugs*, or narcotics, nor be in places where he or she knows illegal narcotics and/or *dangerous drugs* are present." She argues "the condition is not sufficiently precise, as it is impossible for appellant to determine exactly what drugs are covered by the condition, where the term 'dangerous drugs' is open to interpretation." She argues "[i]t is also unclear whether the term includes lawful over the counter drugs that are dangerous if used in sufficient quantities or lawfully prescribed

2

prescription drugs kept in a place where appellant might be." The People agree, as do we.

The People correctly concede that defendant's challenge to the probation condition is not forfeited for failure to object below. Because defendant raises a facial challenge to the condition's constitutionality, the challenge is preserved. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 885 [reaching a facial challenge that a condition is unconstitutionally vague despite failure to object below]; *People v. Nice* (2016) 247 Cal.App.4th 928, 945 [challenge to probation condition involving illegal drugs not forfeited "because the issues presented can be resolved as a matter of law without reference to the sentencing record in the trial court"].)

The term "dangerous drugs" is indeed open to interpretation. Therefore, to avoid confusion, we agree with defendant's proposal (the People also agree) to modify the condition to replace the term "dangerous drugs" with "controlled substances." (See *People v. Orozco* (2012) 209 Cal.App.4th 726, 733 [noting that the California Uniform Controlled Substances Act replaced the term "restricted dangerous drugs" with the more comprehensive term, "controlled substances"].)

## DISPOSITION

The challenged probation condition is modified to provide as follows: "Defendant not associate with persons he or she knows to be illegal users or sellers of marijuana, controlled substances, or narcotics, nor be in places where he or she knows illegal narcotics and/or controlled substances are present." As modified, the judgment is affirmed.

                                                        /s/
                                               HORST, J.*

We concur:


/s/
RENNER, Acting P. J.


/s/
BOULWARE EURIE, J.

---

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.